IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DENNIS TOLLIVER,

        Applicant,

v.                                                                                       CV 07-0918 JH/WPL

MICHAEL HEREDIA, WARDEN,
AND THE ATTORNEY GENERAL
OF NEW MEXICO,

        Respondents.

**MEMORANDUM OPINION AND ORDER**

On February 11, 2008, the magistrate judge filed his Proposed Findings and Recommended Disposition (PFRD) in this matter. (Doc. 14.) No objections to the PFRD were filed. On March 13, 2008, I filed an order adopting the PFRD and a judgment dismissing the case with prejudice. (Doc. 15, 16.) Four days later, on March 17, 2008, Tolliver filed objections to the PFRD, along with a "Motion to File Nunc Pro Tunc." (Doc. 17, 18.) In the motion, Tolliver claims that he was unable to timely file the objections because of lockdowns at the prison. He requests that the Court file the objections and accept them as timely. (Doc. 17.)

I construe the nunc pro tunc motion as one made pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. *See Smith v. Cody*, No. 95-6418, 1996 WL 422042, at *1 (10th Cir. July 29, 1996) (construing habeas applicant's petition for nunc pro tunc order as a motion for relief from judgment under Rule 60(b)) (unpublished). Tolliver's motion seems to fall within the ambit of Rule 60(b)(1), which allows a court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." A Rule 60(b)(1) motion may be granted "when the party has made an excusable litigation mistake." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231 (10th Cir. 1999); *Paiz*

*v. U.S. Postal Serv.*, 214 F.R.D. 675, 678 (D.N.M. 2003).  "[T]he kinds of mistakes remediable under a Rule 60(b)(1) motion are litigation mistakes that a party could not have protected against . . . ." *Yapp*, 186 F.3d at 1231.  Additionally, if a party seeks Rule 60(b)(1) relief as a result of his failure to comply with a procedural requirement, he must demonstrate that his underlying claims are meritorious.  *Paiz*, 214 F.R.D. at 678, 680; *see also Laurson v. Leyba*, 507 F.3d 1230, 1233 (10th Cir. 2007) ("Even if Mr. Laurson could justify his failure to respond to the order, the court was correct to deny the 60(b) motions unless Mr. Laurson presented a meritorious argument for why his habeas application should not be dismissed . . . in the first place.").  I will assume for purposes of argument that Tolliver's failure to timely file the objections was the type of excusable litigation mistake that is required by Rule 60(b)(1) and will proceed to evaluate the merits of his objections to the PFRD.

Tolliver asserts that the magistrate judge erred regarding the juror misconduct issue.  He faults the magistrate for not mentioning that the prosecutor blocked his attorney's attempts to locate the jurors.  He also contends that his trial counsel was ineffective because she failed to pursue the issue more vigorously.

In the motion for new trial, counsel alleged that certain jurors felt that they were forced into the guilty verdict.  Elaborating on this allegation, Tolliver states that the jury foreman told two jurors that a ten-to-two vote was unanimous and that the foreman used these jurors' English illiteracy to coerce them into giving a guilty verdict.  These are the only specific allegations offered in support of the "forced into the verdict" theory.[1]  As explained in the PFRD, if counsel had located the jurors

---

[1] Tolliver also alleges that some unidentified person threatened these jurors into completing the juror questionnaires, but this allegation, even if true, does not support a finding that the jurors were forced to reach a guilty verdict once they were chosen for the jury.

they would have been precluded from testifying about the foreman's threats. *See* FED. R. EVID. 606(b); NMRA 11-606(B).

Tolliver now argues that the jurors could have testified because the threats occurred before trial and throughout the receipt of evidence, but not during deliberations. Assuming this is true (including the somewhat incredible allegation that the foreman began threatening the jurors before the trial even started and before any of them had been chosen as jurors), it is irrelevant. With certain exceptions not applicable here, the rules prohibit juror testimony regarding not only "any matter or statement occurring during the course of the jury's deliberations," but also regarding "the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict . . . or concerning the juror's mental processes in connection therewith . . . ." FED. R. EVID. 606(b); NMRA 11-606(B). As the magistrate judge noted, "Testimony concerning intimidation or harassment of one juror by another falls squarely within the core prohibition" of these rules. *United States v. Stansfield*, 101 F.3d 909, 914 (3d Cir. 1996) (internal quotation marks omitted).

Tolliver also faults the magistrate judge for stating that there was nothing in the record to support his allegation that the jurors did not understand English and that Tolliver provided no support for this allegation. He suggests that as a prisoner he had no way to obtain support for the allegation and that an evidentiary hearing should have been conducted. He also contends that these deficiencies demonstrate that his counsel was ineffective.

It is not necessary to conduct an evidentiary hearing on claims that can be resolved on the basis of the record. *See Parker v. Scott*, 394 F.3d 1302, 1324 (10th Cir. 2005). It is also unnecessary to conduct an evidentiary hearing on claims that are conclusory and lacking in specific and detailed supporting facts. *See Coleman v. Brown*, 802 F.2d 1227, 1242 (10th Cir. 1986); *United*

-3-

*States v. Butt*, 731 F.2d 75, 77 (1st Cir. 1984). Similarly, conclusory allegations are insufficient to establish ineffective assistance of counsel. *See United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

 Tolliver asserts in his habeas application and in his objections that he was told about the jurors' English illiteracy and about specific threats made by the foreman. These assertions go considerably beyond the allegations made in support of the motion for new trial. Yet Tolliver does not provide any details that should be within his knowledge—such as who told him these things—to show that there is a factual basis for the assertions. Therefore, he has not established ineffective assistance of counsel or that an evidentiary hearing is warranted.

 Next, Tolliver disagrees with the magistrate judge's evaluation of the speedy trial issue and asserts that he was prejudiced by the denial of a speedy trial because he lost access to discovery and to his exculpatory witnesses. The record does not support this assertion. Moreover, the PFRD's lengthy discussion of the procedural history of the case demonstrates that Tolliver actually requested an additional delay to contact his exculpatory witnesses.

 Tolliver's next complaint concerns the magistrate's treatment of his fabricated evidence claim. He continues to assert that the evidence of the meth lab was fabricated, and he also contends that the confidential informant was paid by the prosecutor to lie. He notes that the magistrate failed to make any finding as to whether the prosecutor knew evidence had been fabricated.

 The magistrate judge concluded that there was no support for Tolliver's claim that the meth lab evidence was fabricated. Accordingly, he did not need to make a finding regarding the prosecutor's knowledge. The magistrate also correctly observed that the confidential informant was thoroughly cross-examined regarding his credibility and his motives for testifying against Tolliver.

 Tolliver further complains that the magistrate judge did not acknowledge that the meth lab

-4-

was found in Albuquerque, rather than Socorro. He seems to think the prosecutor committed misconduct by suggesting that it was found in Socorro. However, the location where the meth lab was found was not disclosed to the jury because Tolliver's trial counsel did not want the jury to be informed that Tolliver was charged with additional crimes in Albuquerque. (*E.g.*, Trial Tape 1 June 28, 2005.)

The magistrate judge concluded that even if the meth lab evidence was fabricated, it most likely did not affect the verdict. This conclusion was based in part on the fact that the jury heard that Tolliver confessed to cooking methamphetamine. In his objections, Tolliver states that the police admitted at trial that they altered his taped confession. Regardless of whether the tape was altered, the officers testified that Tolliver orally confessed to them. (Trial Tape 5 June 27, 2005; Trial Tape 1 June 28, 2005.)

Next, Tolliver seems to argue that the state habeas court and perhaps the magistrate judge failed to apply the correct Supreme Court precedent in evaluating his claim of ineffective assistance of counsel. Having reviewed the record and the PFRD, I find nothing to support this argument.

Tolliver insists that the magistrate erred by focusing on his inability to describe the testimony that would have been given by his witnesses. He asserts that testimony by the district attorney's daughter would have been "a sensation" and "such defense gold that it should be obvious." (Doc. 18 at 7.) According to Tolliver, she "may have provided significant information about why the prosecutor knowingly used false evidence and perjured testimony." (*Id.*) He further faults counsel for not investigating how the meth lab was found in Albuquerque and the purported corruption of evidence in the Albuquerque evidence room. All of these complaints are based on speculation and thus do not satisfy Tolliver's burden of establishing prejudice.

After conducting a *de novo* review, I find Tolliver's objections to be without merit. Because

-5-

Tolliver has not demonstrated that his habeas claims are meritorious, his nunc pro tunc motion (construed as a motion for relief from judgment under Rule 60(b)(1)) will be denied.

IT IS THEREFORE ORDERED that the "Motion to File Nunc Pro Tunc" is DENIED.

_____
JUDITH HERRERA
UNITED STATES DISTRICT JUDGE